NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 KA 0321

STATE OF LOUISIANA

VERSUS

DEON BRADFORD

**Judgment Rendered:** SEP 2 7 2019

* * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number 07-14-1122
Honorable Bonnie P. Jackson, Judge Presiding

* * * * * *

| | |
|---|---|
| Hillar C. Moore, III<br>District Attorney<br>Allison M. Rutzen<br>Assistant District Attorney<br>Baton Rouge, Louisiana | Counsel for Appellee<br>State of Louisiana |
| Bertha M. Hillman<br>Covington, Louisiana | Counsel for Defendant/Appellant<br>Deon Bradford |

* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, AND CRAIN, JJ.

**GUIDRY, J.**

The defendant, Deon Bradford, was charged by bill of information with three counts of sexual battery (counts 1, 3, and 4),[1] violations of La. R.S. 14:43.1; aggravated incest (count 2), a violation of La. R.S. 14:78.1 (prior to amendment, which redesignated aggravated incest as aggravated crime against nature under La. R.S. 14:89.1); and attempted aggravated rape (of a victim under the age of thirteen years) (count 5), a violation of La. R.S. 14:27 and 14:42 (prior to amendment, which redesignated aggravated rape as first degree rape). The defendant pled not guilty to all counts and, following a jury trial, was found guilty as charged on all counts. For each of the sexual battery convictions, the defendant was sentenced to ten years imprisonment at hard labor. For the aggravated incest conviction, the defendant was sentenced to ten years imprisonment at hard labor. For the attempted aggravated rape conviction, the defendant was sentenced to twenty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The three sentences for sexual battery were ordered to run concurrently with each other. The sentence for aggravated incest was ordered to run

---

[1] In the bill of information, count 1 (sexual battery of S.B.) indicates the victim was under the age of thirteen, and count 3 (sexual battery of J.C.) indicates the victim was under the age of thirteen. While it is not indicated on the bill of information itself, it is clear these two counts were amended, charging that the victims were under the age of fifteen. Thus, before opening statements, the trial court informed the jury that those sections of the sexual battery statute applicable to the case were La. R.S. 14:43.1(A)(1) and (A)(2) (prior to the 2015 amendment), that is, when the offender acts without the consent of the victim, or the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender. In the jury charges, the trial court instructed the jury that the accused was charged with three counts of sexual battery and that the two provisions for the jury to consider were those as stated above. For counts 1 and 3, the jury returned guilty verdicts for sexual battery, "victim was under the age of fifteen." Also, the headings on the jury verdict sheet for counts 1 and 3, which indicates the defendant was found guilty on these counts, states: "**COUNT I: SEXUAL BATTERY - VICTIM UNDER AGE OF FIFTEEN (Victim S.B.),**" and "**COUNT III: SEXUAL BATTERY - VICTIM UNDER AGE OF FIFTEEN (Victim J.C.).**" In any event, no motion to quash was filed and there were no objections raised regarding this issue. The bill of information fairly informed the defendant of the charges against him, and there was clearly no prejudice to the defendant since the more onerous sentencing provision of La. R.S. 14:43.1(C)(2) (whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years) did not apply to him. See State v. Ferguson, 15-0427, pp. 24-25 (La. App. 1st Cir. 9/18/15), 181 So. 3d 120, 140-41, writ denied, 15-1919 (La. 11/18/16), 210 So. 3d 282; State v. Templet, 05-2623, p. 12 (La. App. 1st Cir. 8/16/06), 943 So. 2d 412, 419-20, writ denied, 06-2203 (La. 4/20/07), 954 So. 2d 158.

2

consecutively to all other sentences. The sentence for attempted aggravated rape was ordered to run consecutively to all other sentences. The defendant now appeals, designating one assignment of error. We affirm the convictions and sentences.

## FACTS

The defendant's biological daughter, S.B.,[2] whose mother ended her relationship with the defendant before S.B. was born, stayed in touch with her father. S.B. stayed at the defendant's house often, including on weekends and holidays. In 2009, Julia Gray was living with the defendant at his house. Julia had a daughter, J.C., from a previous relationship. The defendant and Julia, who never married, broke up. In 2014, Julia left J.C. with the defendant to live with him during the summer. S.B. testified in detail at trial how the defendant had sexually abused her over several years while she was at his house. J.C. also testified in detail at trial how she had been sexually abused by the defendant in 2014, when she was twelve years old. The defendant testified at trial. The defendant denied all accusations of S.B. and J.C. and indicated that he had never inappropriately touched either girl.

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant argues there is error patent on the face of the record.

The defendant asserts that the commitment order does not indicate which sentences are concurrent and which are consecutive. He further asserts the commitment order does not indicate that he is to be given credit for time served and, accordingly, the commitment order should be amended and forwarded to the Department of Corrections.

The defendant is incorrect. The "Comments" section at the bottom of the

---

[2] The victims are referred to by their initials. See La. R.S. 46:1844(W).

Uniform Sentencing Commitment Order contains the appropriate sentencing information for each sentence. Specifically, it reveals that the court ordered the sentences on counts 1, 3, and 4 to run concurrently with each other. It further indicates that the court ordered the sentence on count 2 to run consecutive to the sentences on counts 1, 3, and 4. Finally, it indicates that the court ordered the sentence on count 5 to be served without benefit of probation, parole, or suspension of sentence and that this count run consecutive to the sentences on counts 1, 2, 3, and 4.

Regarding the second issue, the granting of credit for time served has long been self-operating under La. C.Cr.P. art. 880. Thus, it is no longer necessary for the Court of Appeal to amend a defendant's sentence to reflect credit for time served. State v. Page, 08-531, pp. 17-18 (La. App. 5th Cir. 11/10/09), 28 So. 3d 442, 453-54, writ denied, 09-2684 (La. 6/4/10), 38 So. 3d 299. See also State v. Arnold, 07-0362, p. 12 (La. App. 1st Cir. 9/19/07), 970 So. 2d 1067, 1074, writ denied, 07-2088 (La. 3/7/08), 977 So. 2d 904.

The assignment of error is without merit.

**CONVICTIONS AND SENTENCES AFFIRMED.**